By the Court.
 

 In disposing of this matter on the merits, we are confined to the issues as raised by the third defense of the answer, and may not concern ourselves with the wisdom or policy displayed by the United States Congress in passing the Federal Housing Act.
 

 By the terms of such act a national housing authority is created, and empowered to loan and dispense government funds to duly constituted local housing
 
 *331
 
 authorities or agencies in the various states, for two principal purposes: (1) the eradication of so-called slum areas, “injurious to the health, safety and morals of the citizens of the nation,” and (2) as a concomitant thereof, the furnishing of low-rent dwellings to families of low incomes.
 

 Naturally, in the execution of such a program a great deal must be left to the discretion and sound judgment of the local authorities, appointed in compliance with the state law. When it appears that such judgment and discretion is being reasonably exercised within lawful limits, no basis is afforded for judicial intervention.
 

 An examination of the evidence presented in the pending case shows on the whole a carefully conceived and balanced plan to abolish selected slum areas in the city of Cincinnati and to provide low-rent dwelling units within the municipal limits for families of low incomes, in general conformity with the purpose and design of the controlling legislation.
 

 If a plan as formulated by a local authority comes within the purview of the housing act and meets the approval of the National Housing Authority, whereby it is willing to lend federal funds in furtherance thereof, a court may not interfere.
 

 As we view the situation, no valid or sufficient reason exists for the refusal of the respondent to sign the contract as directed by the city ordinance.
 

 Since the passage of the United States Housing Act, followed by necessary and appropriate enactments in different states to take advantage of the national bounty, frequent attacks have been made upon this legislation and the steps taken thereunder as to constitutionality and on almost every other conceivable ground. Such legislation and the ensuing activities have been upheld generally by the courts, as is shown by the following representative cases, recently decided:
 
 Housing Authority of County of
 
 
 *332
 

 Los Angeles
 
 v.
 
 Dockweiler
 
 (Cal. Sup.), 94 P. (2d), 794;
 
 Laret Inv. Co.
 
 v.
 
 Dickmann
 
 (Mo. Sup.), 134 S. W. (2d), 65;
 
 Matthaei
 
 v.
 
 Housing Authority of Baltimore
 
 (Md. App.), 9 A. (2d), 835;
 
 Allydonn Realty Corp
 
 v.
 
 Holyoke Housing Authority
 
 (Mass. Sup.), 23 N. E. (2d), 665;
 
 Stockus
 
 v.
 
 Boston Housing Authority
 
 (Mass. Sup.), 24 N. E. (2d), 333;
 
 In re Brewster Street Housing Site in City of Detroit
 
 (Mich. Sup.), 289 N. W., 493;
 
 Romano
 
 v.
 
 Housing Authority of the City of Newark
 
 (N. J. Sup.), 10 A. (2d), 181;
 
 Chapman
 
 v.
 
 Huntington, W. Va., Housing Authority
 
 (W. Va. Sup. Ct. of App.), 3 S. E. (2d), 502. The writ as prayed for will issue.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Zimmerman and Williams, JJ., concur.
 

 Myers, Matthias and Hart, JJ., dissent.