W. HOMER SMITH, as Tax Assessor of Volusia County, Florida, v. HOUSING AUTHORITY OF THE CITY OF DAYTONA BEACH, FLORIDA, a public body corporate and politic.

3 So. (2nd) 880

En Banc

Opinion Filed September 24, 1941

196

*Curtis Basch,* for Appellant;
*Leon J. C. Harton,* for Appellee.

THOMAS, J.—There are deficiencies in the bill of complaint and procedure in the equity court which render the challenged decree fatally effective. The allegations of the pleading on the sole matter involved are so inconsistent with our former decisions on the subject, which we will cite presently, as to make that pleading amenable to attack upon the ground that it was wholly without equity.

The record of the chancery court is quite brief and its very brevity seems to emphasive its insufficiency. There were filed on the same day, May 19, 1941, a bill of complaint, a notice, and an injunction which was evidently treated by the parties as a permanent one. To give the status of the case in the negative there was no process; no answer; no proof. The notice was addressed to the appellant as tax assessor of the county, stating that the appellee would apply on May 17 (two days before the papers were eventually filed) "for a permanent restraining order," enjoining the official from placing on the tax roll the property of the appellee.

There can be no doubt that under controlling law a temporary injunction can be obtained upon mere notice, or for that matter without notice if the circumstances justify a summary remedy, but it is fundamental that no final decree may be entered in a case unless there are process, pleadings presenting the issues and proof relevant to them. It is true that there may be a waiver of these formalities but there is not even a suggestion in this record that the appellant surrendered any of his rights by stipulation, appearance or otherwise.

There having been no issuance or service of summons, of course no appearance day and time for filing the answer were fixed (Sec. 4 and 32, 1931 Chancery Act). There could have been no "proper main process" (Sec. 3, 1931 Chancery Act) in the suit because "no summons in chancery shall be issued from the clerk's office in any suit in equity until the bill is filed in the clerk's office." (Sec. 4, 1931 Chancery Act). Here, we have the extraordinary procedure of filing the bill and the purported final order on the same day.

The obvious purpose of a temporary injunction is the maintenance of the subject matter *in statu quo* pending the determination of the cause and, as the name implies, such an order is not conclusive and the provisions of it may be merged in, or dissolved by, the final decree. 28 Am. Jur., Injunctions, pg. 447. It may also be attacked while the suit is pending. The statute of this state on the subject, Sec. 4971, Comp. Gen. Laws of Florida, provides that the defendant "may either before or after answer filed, on due notice being previously given to the opposite party . . . move the court for the dissolution of any injunction which may have been granted."

A permanent injunction could not be properly granted in a suit simply on a notice without process duly issued and served and without the formality of pleadings or the presentation of proof in the absence of any waiver. For this reason alone the decree of the chancellor should be reversed. It is true that the order entered in the case contains the recital of the circuit judge of the determination by him "that notice was given to the defendant . . . of intention to apply for said injunction," but this could be no more than a finding that the defendant had been properly notified of the application for a temporary restraining order and could not have dispensed with process.

There is no mention in the record of any proof having been presented to the chancellor and the court recited only that he had "heard argument on the matter." Unquestionably he based his final decree on the bill of complaint, so we will now proceed to an analysis of that pleading in the light of our decisions in State v. St. John, 143 Fla. 544, 197 So. 131 and State v. McDavid, 145 Fla. 605, 200 So. 100, which

dealt with the taxable status of property of housing authorities created by virtue of c. 17981, Laws of Florida, Acts of 1937. The bill contains the allegations that the appellee was organized under that statute and owned certain property in the state. It is averred that "pursuant to Chapter 17981, Acts of the Legislature of the State of Florida of 1937 and Chapter 17983, Acts of the Legislature of the State of Florida, 1937, and Chapter 19510, Acts of the Legislature of the State of Florida, 1939, the hereinabove described property of the Plaintiff is exempt from all taxation"; that the appellant had assessed the same for taxation and that he would proceed, unless enjoined, to put the same on the tax roll.

Above is set out the substance of the entire bill so far as it refers to the basis for exemption, the pleader having proceeded on the theory that ownership by the housing authority was all that need be shown to support a claim of exemption. The fallacy of such a position is apparent upon an examination and comparison of Sec. 1 of Art. IX and Sec. 16 of Art. XVI of the Constitution. Under the former power is given to the legislature to exempt property for municipal purposes but the latter contains the mandatory provision that "the property of all corporations . . . shall be subject to taxation unless such property be held and used exclusively for . . . municipal . . . purposes." It is patent, therefore, that the exception in the organic law relating to the taxation of corporate property must be established as a matter of fact and is not one of legislative definition.

With reference to the two cases which we have cited it will be seen that we have held definitely that in order for property owned by the housing authority

to be free of taxation it must be used exclusively for municipal or other purposes stated in the organic law, and that the question of exemption turns on the nature of the use, a question of fact.

It seems inescapable that without the allegations and proof as to the nature of the use of.the property there could not have been established circumstances justifying the permanent injunction in the case and that a final decree, based on a presumption that because owned by the housing authority the use was municipal, had an infirm foundation. It is but repetition to point out that even if such an allegation had been present no answer has ever been filed making it an issue and that so far as can be learned from the record the final decree was based entirely upon the bill of complaint and the argument of counsel who presented it.

For the reasons given the decree is reversed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.

TERRELL, BUFORD, and CHAPMAN, J. J., dissent.