Zimmerman, J.,
 

 dissenting. In the instant case the project executed by the Columbus Metropolitan Housing Authority was the acquisition of a slum area, the demolition of the existing buildings and the erection thereon of safe and sanitary dwellings, rented exclusively to families which lived in unsafe and unsanitary homes and could not afford to pay the rent demanded by private owners for the same character of living accommodations.
 

 The slum clearance and low rent housing program is essentially in the public interest, being a cooperative effort on the part of the federal and local authorities to solve a vital social problem. Its underlying objective is to protect and safeguard an entire community by lessening potent causes of disease, immorality and crime.
 

 The conclusion therefore seems inescapable that the property of the Columbus Metropolitan Housing Authority here involved is “public property used exclusively for any public purpose” within the contemplation of Section 2, Article XII of the Constitution of Ohio, and Section 5351, General Code, that the property is consequently entitled to exemption from taxation on that basis and that the decision of the Board of Tax Appeals in refusing exemption is unreasonable and unlawful and should be reversed. Such action would be in harmony with the decision in the case of
 
 State, ex
 
 
 *50
 

 rel. Ellis, City Solicitor,
 
 v.
 
 Sherrill, City Manager,
 
 136 Ohio St., 328, 25 N. E. (2d), 844.
 

 Williams, J., concurs in the foregoing dissenting opinion.