Bell, J.
 

 The question to be determined is whether the decisions of the Board of Tax Appeals are unreasonable or unlawful.
 

 Appellant claims that for the year 1939 the land was exempt under the provisions of' Section 5351, General Code; that for the years 1940, 1941 and 1942 the land ■and buildings constituting the project were exempt under the provisions of Sections 5351 and 5353, General Code; and also that the property was exempt, under the provisions of the federal Constitution and ■.statutes.
 

 
 *273
 
 Por the purposes of our decision we shall presume that the authority was created legally and that it acted in accordance with law. We shall confine our considerations to the question of whether the property is exempt under any of the claims made by appellant.
 

 The cornerstone of a democracy is that he who enjoys the privileges, benefits and protection • thereof should bear his proportionate share of the expense, therefore funds produced by taxation are the very lifeblood of government, without which it soon would become impotent. That consideration forms the background for the rule that he who seeks exemption of property from taxation must show by clear and convincing proof his right thereto. In all doubtful cases exemption is denied.
 

 In construing constitutional and statutory provisions relating to exemption of property from taxation, there are two schools of thought, one that such provisions should be liberally construed, the other that they should be strictly construed.
 

 By the decisions it is established in Ohio that exemption statutes are to be strictly construed, it being the settled policy of this state that all property should bear its proportionate share of the cost and expense of government; that our law does not favor exemption of property from taxation; and hence that before particular property can be held exempt, it must fall clearly within the class of property specified in the Constitution to be exempt.
 

 The foundation upon which that policy rests is that statutes granting exemption of property from taxation are in derogation of the rule of uniformity and equality in matters of taxation. (See 38 Ohio Jurisprudence, 853, Section 114.)
 

 Consideration will first be given to the claim that the property in question was entitled to exemption under the Constitution and laws of Ohio.
 

 
 *274
 
 The Constitution of this state grants to the General Assembly authority to pass general laws exempting from taxation certain specified classes of real property.
 

 Section 2, Article XII of the Constitution reads as follows:
 

 “* * * General laws may be passed to exempt burying grounds, public school houses, houses used' exclusively for public worship,
 
 institutions used exclusively for charitable purposes,
 
 and public property used
 
 exclusively
 
 for any public purpose, but all such laws shall be subject to alteration or repeal * * *.” (Italics ours.)
 

 This provision is a limitation upon legislative power to grant exemption and first made its appearance in the Constitution of 1851. Although the wording has been slightly changed by three amendments thereto in the years 1912, 1929 and 1933, the classes of property which the General Assembly was authorized to exempt by general laws has remained the same.
 

 Prior to 1851 the'power of taxation and exemption was in the hands of the General Assembly without constitutional limitation.
 

 Pursuant to this permissive authority, the General Assembly has passed numerous exemption acts among which are Sections 5351 and 5353, General Code. It-is by virtue of the provisions of those two sections that the property here in question is claimed to be exempt from taxation under the law of Ohio.
 

 Before reverting to Section 5351, General Code, if should be noted that the language of this section does not conform exactly to the language of the Constitution.
 

 The section read (110 Ohio Laws, 78) as follows:
 

 “Real or personal property belonging exclusively to the state or United States, and public property used for a public purpose shall be exempt from taxation.” •
 

 The Constitution does not grant authority to the
 
 *275
 
 General Assembly to enact any statute authorizing the exemption of property belonging to the state or the United States. It is our duty not to declare a legislative enactment unconstitutional if by any reasonable construction it can be reconciled with the Constitution. Therefore, unless we declare this section to be unconstitutional we must hold that property which belongs to the state or the United States, to be held exempt from taxation, must be used exclusively for a public purpose. The last clause of Section 5351, General Code, reads: “Public property used for a public purpose shall be exempt from taxation.” The Constitution reads: “Public property used
 
 exclusively
 
 for any public purpose.” In the quoted clause of the statute the word
 
 exclusively
 
 is omitted; however on three occasions recently this court has held that this statute should be construed as though the word
 
 exclusively
 
 were contained therein. See
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 42 N. E. (2d), 437;
 
 Pfeiffer et
 
 al.,
 
 Trustees of Akron Public Library,
 
 v.
 
 Jenkins et al., Bd. of Tax Appeals,
 
 141 Ohio St., 66, 46 N. E. (2d), 767;
 
 Dayton Metropolitan Housing Authority
 
 v. Evatt,
 
 Tax Commr., ante,
 
 10.
 

 - Construing this section to mean that property belonging to the state or to the United States used exclusively for any public purpose and public property used exclusively for a public purpose shall be exempt from taxation, the section is constitutional.
 

 No claim is or could be made that this property belongs exclusively to. the state or the United States, but it -is claimed that it is
 
 public property used exclusively for a public purpose.
 
 •
 

 v Before-the appellant’s claim for exemption of this property under Section 5351, General Code, can be sustained the record must affirmatively establish two propositions: (l)-That this property is
 
 public prop
 
 
 *276
 
 erty; and (2) that
 
 the property is used exclusively for a public purpose.
 

 What, then, is public property within the meaning of Section 2, Article XII of the Constitution and Section 5351, General Code?
 

 Public property within the meaning of that term as used in the Constitution and statutes is property owned and maintained by the state or some political subdivision thereof. Does the property here in question come within the definition of public property?
 

 This project was built and paid for in its entirety from the sale of bonds. Neither the state nor any of its political subdivisions has any funds invested in the property.
 

 The legal title to the property is in the name of a private banking corporation (The City Trust & Savings Bank of Youngstown, Ohio) and the equitable ownership is in the bondholders; part of which bonds are owned by an agency of the United States government (U. S. H. A.) and part by private individuals.
 

 Section 1078-44, General Code, specifically provides that neither the members of the authority nor any person who executes the bonds shall be liable personally by reason of the issuance thereof; that those facts shall be so stated upon the face of the bonds; and that the bonds so issued shall not be a debt of or create any liability against the state, the county or any political subdivision thereof. In short, the bonds create a lien bnly upon the property.
 

 The project is maintained from the proceeds of rents and charges assessed against the families occupying the housing units and none of the cost of maintenance is at public expense of the state or any political subdivision thereof, nor does the public generally have any use of the property. Hence, none of the characteristics of
 
 public property
 
 is present.
 

 However, we are told that this project is public prop
 
 *277
 
 erty by virtue of the provisions of Section 1078-36, General Code, which reads as follows:
 

 “All property, both real and personal, acquired, owned, leased, rented or operated by the housing authority shall be deemed public property for public use, and all accounting and other transactions of the authority shall be subject to the inspection and approval of the Bureau of Inspection and Supervision of Public Offices of the State of Ohio, which shall transmit its report to the State Board of Housing.”
 

 This brings us to a question of legislative power. By the provisions of the Constitution, the legislative power of the state is vested in the General Assembly (Section 1, Article II) and the judicial power is vested in the courts. (Section 1, Article IY.)
 

 Whether property is
 
 public property
 
 within the meaning of the Constitution presents a question judicial in its nature, not legislative (see
 
 McQuillen
 
 v.
 
 Hatton,
 
 42 Ohio St., 202;
 
 Wells
 
 v.
 
 Housing Authority of City of Wilmington,
 
 213 N. C., 744, 197 S. E., 693) and hence it does not lie within the power of the General Assembly to declare that property is public property when in its nature it is not (see 50 Corpus Juris, 866, Section 94;
 
 Smith, Tax Assessor,
 
 v.
 
 Housing Authority of Daytona Beach,
 
 148 Fla., 195, 3 So. [2d], 880), nor do we think that it was the intention of the .General Assembly to declare property of a housing authority to be exempt from taxation.
 

 Section, 1078-36, General Code, properly construed, we think discloses a legislative intention to declare property acquired, owned, leased, rented or operated by the housing authority to be deemed public property for public use for the purposes of public inspection and accounting only and not for the purpose of exemption from taxation.
 

 This conclusion is fortified by the fact that in both the 94th and 95th General Assemblies bills were in
 
 *278
 
 troduced to amend Section 1078-36, General Code, and to provide therein for the exemption from taxation of such property. The General Assembly declined to pass either bill. (94th General Assembly, House Bill 500; 95th General Assembly, House Bill 91.)
 

 Even though it be assumed that the purpose of Section 1078-36, General Code, was to declare such property exempt from taxation, such declaration would be entitled to serious consideration but-would not be conclusive. Blo
 
 ck
 
 v.
 
 Hirsh,
 
 256 U. S., 135, 65 L. Ed., 865, 16 A. L. R., 165, 41 S. Ct., 458;
 
 United States
 
 v.
 
 Gettysburg Electric Ry. Co.,
 
 160 U. S., 668, 40 L. Ed., 576, 16 S. Ct., 427;
 
 Albright
 
 v.
 
 Sussex County Lake & Park Comm.,
 
 71 N. J. Law, 303, 57 A., 398, 108 Am. St. Rep., 749, 69 L. R. A., 768;
 
 Hogue
 
 v.
 
 Housing Authority of North Little Rock,
 
 201 Ark., 263, 144 S. W. (2d), 49;
 
 Matter of New York Housing Authority
 
 v.
 
 Muller,
 
 270 N. Y., 333, 1 N. E. (2d), 153, 105 A. L. R., 905.
 

 Being privately owned and privately maintained, we must conclude that this property does not constitute
 
 public property
 
 within the meaning of Section 2, Article XII of the Constitution of Ohio.
 

 Upon the second propostion
 
 that the property is used exclusively for a public use,
 
 this court twice recently has decided that proposition. In the case of
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Atid., supra,
 
 Judge Turner, writing for the coiirt, uses this language:
 

 “It seems to us clear that where dwellings are leased to family units for the purposes of private homes, the use of such dwellings is private and not public.”
 

 Judge Hart gave consideration to this same question in. the case of
 
 Dayton Metropolitan Housing Authority
 
 v.
 
 Evatt, Tax Commr., ante,
 
 10, decided March 15, 1944, and in the syllabus it is said:
 

 “The acquisition of real property and the construction of new dwelling units thereon by a metropolitan
 
 *279
 
 housing authority for rental without profit, to persons of low income, under the authority and by virtue of the provisions of the Ohio State Housing Act, do not render such property public property used exclusively for a public use and do not entitle it to exemption from taxation under the provisions of Section.5351, General Code.”
 

 No reason has been presented in the instant case which would cause us to recede from the conclusions reached in those cases and we approve and follow them.
 

 We conclude that this project is not
 
 public property
 
 nor is it
 
 property used exclusively
 
 for a public purpose ; therefore it is not exempt by virtue of the provisions of Section 5351, General Code.
 

 The second claim of appellant is that this property is exempt under the provisions of Section 5353, General Code, which reads as follows:
 

 “* * * property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation. ’ ’
 

 We have already pointed out that the record makes clear that no applicant was permitted to rent one of the housing units until the authority was reasonably certain of such applicant’s ability to pay the rent; that, when and if a tenant failed to pay his rent, he was evicted from his premises; and that, when his income increased above the wage limit, his rent was raised. Not a single family was granted rent free.
 

 The rental values of the various units were calculated by the authority so as to make provision for a reserve fund to pay the interest and retire the bonds and, prior to the filing of the applications, $50,000 worth of bonds were retired and a resolution had been adopted to retire an additional $50,000 of such bonds.
 

 These bonds of the maturity value of $100,000 were acquired for $74,000 taken from the reserve fund ac
 
 *280
 
 cumulated from rents and charges and set up for bond retirement and maintenance.
 

 Upon this state of facts can it be said that this property
 
 is used exclusively for charitable purposesf
 

 Before proceeding to a consideration of the reported cases upon this subject it should be observed that the basis for
 
 exemption
 
 under Section 5353, General Code, is the
 
 use
 
 of the property. Unless this property is used exclusively for charitable purposes it cannot be held exempt under this section.
 

 In re Complaint of Taxpayers,
 
 138 Ohio St., 287, 34 N. E. (2d), 748, it was held in paragraph one of the .syllabus:
 

 “The use of property exclusively for charitable purposes is the criterion of exemption thereof from taxation. The right of exemption, derived from Section 2 of Article XII of the state Constitution, is lost if the property be appropriated to other uses.” See, also,
 
 Cullitan, Pros. Atty.,
 
 v.
 
 Cunningham
 
 Sanitarium, 134 Ohio St., 99, 16 N. E. (2d), 205.
 

 In the case of
 
 Gerke, Treas.,
 
 v.
 
 Purcell,
 
 25 Ohio St., 229, the court was cálled upon to decide whether a parsonage, built upon ground attached to a church edifice, was exempt from taxation and the conclusion was that the parsonage was not exempt, as it was not used exclusively for a charitable purpose. See, also,
 
 Watterson
 
 v.
 
 Holliday, Aud.,
 
 77 Ohio St., 150, 82 N. E., 962.
 

 In
 
 Benjamin Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A. 1916D, 1170, the syllabus reads as follows:
 

 ‘ ‘ The real estate belonging to an institution of purely public charity is exempt from taxation only when used exclusively for charitable purposes, and if such real estate is rented for commercial and residence purposes it is not exempt, although the income arising from such use is devoted wholly to the purpose of the charity. ’ ’
 

 
 *281
 
 See
 
 Humphries, Aud.,
 
 v.
 
 Little Sisters of the Poor,
 
 29 Ohio St., 201;
 
 Cleveland Library Assn. v. Pelton, Treas.,
 
 36 Ohio St., 253;
 
 Davis, Aud.,
 
 v.
 
 Cincinnati Camp Meeting Assn.,
 
 57 Ohio St., 257, 49 N. E., 401;
 
 Little, Treas.,
 
 v.
 
 U. P. Theological Seminary,
 
 72 Ohio St., 417, 74 N. E., 193;
 
 O'Brien, Treas.,
 
 v.
 
 Physicians Hospital Assn.,
 
 96 Ohio St., 1, 116 N. E., 975, L. R. A. 1917F, 741;
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1, 155 N. E., 791;
 
 American Issue Publishing Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 137 Ohio St., 264, 28 N. E. (2d), 613;
 
 East End Hospital
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 608, 41 N. E. (2d), 569.
 

 In the case of
 
 Ursuline Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674, paragraph two of the syllabus reads:
 

 “Under Section 5349 or Section 5353, General Code, property belonging to a public college, academy or institution of learning not publicly owned may be exempted from taxation only if used exclusively for a charitable purpose at the time the exemption is sought. ’ ’
 

 The property comprising the project here in question is purely a commercial operation wherein a sufficient rental is charged not only to pay maintenance and repairs but to provide a reserve fund to pay the interest and retire the bonds. As has been pointed out $100,000 of the bonds have been retired before maturity during the year 1942.
 

 This project is being operated for profit and the profit is being used to pay the principal and interest on the outstanding bonds. If the operation for the year 1942 be the criterion, the bonds will all be retired in approximately 30 years and the project will be clear, free and unencumbered. If this be'
 
 property used exclusively for charitable purposes,
 
 then all of the decisions of this court upon this subject over a
 
 *282
 
 period of more than 70 years have been wrong and the English language has changed its meaning.
 

 Unless we overrule all the previous decisions of this court construing Section 2, Article XII of the Constitution (as it relates to property used exclusively for charitable purposes) and Section 5353, General Code, this project cannot be held exempt as an institution used exclusively for charitable purposes.
 

 In our opinion the property in the instant case is not exempt from taxation under Section 2, Article XII of the Constitution of Ohio or any statute passed in pursuance thereof.
 

 The remaining question is whether it is exempt under the federal Constitution or statutes.
 

 We find no merit in the contention of appellant that Section 10, Article I, or Section 1 of the Fourteenth Amendment of the federal Constitution are in anywise involved in this case.
 

 The federal statutes to which our attention has been directed are Title 42, Sections 1403 (a), 1405 (e), 1409, 1410 and 1415 (4), U. S. Code.
 

 Section 1403 (a) provides that the United States Housing Authority shall be an agent and instrumentality of the United States.
 

 Section 1405 (e) provides that the assets of the United States Housing Authority shall be exempt from all taxation now or hereafter imposed by the United States or by any state, county, municipality or local taxing authority.
 

 Sections 1409 and 1410 provide that the United States Housing Authority may make loans for, and annual contributions in, assistance of low-rent housing and slum-clearance projects.
 

 Section 1415 (4) grants authority to the United States Housing Authority to insert in any contract for
 
 *283
 
 loans and contributions, etc., other conditions insuring the low-rent character of the housing project involved.
 

 We are at a loss to see how these provisions are pertinent to the questions involved.
 

 If the state were seeking to impose a tax upon the bonds which the United States Housing Authority purchased from the authority, then Section 1405 (e) would become pertinent but no claim could successfully be made that the project is an asset of the United States Housing Authority. Neither the United States nor any instrumentality thereof is the owner of this project, therefore it is not exempt from taxation under provision of the federal Constitution or statutes.
 

 We are of opinion that the decisions of the Board of Tax Appeals are reasonable and lawful and hereby are affirmed.
 

 Decisions affirmed.
 

 Wetgandt, C. J., Matthias, Hast and Turner, JJ., concur.
 

 Zimmerman and Williams, JJ., dissent.