Zimmerman, J.,
dissenting. At the outset, let it be noted that we who dissent from the majority opinion are not opposed to the exemption of property from taxation where a clear legal right to exemption is shown. But, as we view the matter, the majority opinion goes too far and applies Section 5560, General Code, beyond its intended and constitutional limits.
We can not read out of Section 2, Article XII of the Constitution, the all important word, “exclusively, ’ ’ and we can not ignore the basic rule that statutes exempting property from taxation are to be strictly construed.
Disregard of that principle can not help but to create great uncertainty and confusion, and the majority opinion will result in the exemption list of property in every county being measurably increased beyond that which is authorized by the Constitution.
The evidence shows that the land here involved has a 50-foot frontage and is 138.87 feet deep, and that two structures stand thereon — a two-story frame building, 36 by 48 feet, with a basement, and a garage. The second story of the building is wholly occupied as living quarters by the pastor of the church and his family of four and by the janitor of the church and his family of two — eight persons in all. The first story is used for public worship and one part of the basement is used for a laundry by the two families mentioned and the other part for conducting Sunday school. The church pastor uses the garage to house his automobile. It is therefore apparent to us that the building is occupied primarily as a residence.
Section 5349, General Code, provides in part:
“* * * houses used exclusively for public worship * * shall be exempt from taxation.” (Emphasis supplied.)
This section was applied in Mussio v. Glander, Tax Commr., 149 Ohio St., 423, 79 N. E. (2d), 233, wherein *522 it was held that where the first floor of a building is used for a church chapel and a sacristy and the two upper floors are used as a place of residence by those engaged in pursuits connected with church affairs, “the real property * * * is not used exclusively for public worship or does not belong to an institution used exclusively for a charitable purpose” and, hence, is not entitled to exemption from taxation. Compare In re Bond Hill-Roselawn Hebrew School, 151 Ohio St., 70, 76, 77, 84 N. E. (2d), 270, 273, 274.
In 1949, the General Assembly enacted Section 5560, General Code, the pertinent part of which is quoted in the majority opinion and will not be repeated. That statute must be interpreted in connection with Section 2, Article XII of the Ohio Constitution, which permits the passage of general laws exempting from taxation “houses used exclusively for public worship, institutions used exclusively for charitable purposes.” (Emphasis supplied.)
It is well established that “Section 2, Article XII of the Constitution of Ohio, is a limitation upon the legislative power to enact laws exempting property from taxation; therefore the General Assembly, in the enactment of general laws for such purpose, may not exceed the limitations provided in the Constitution.” Paragraph one of the syllabus in Youngstown Metropolitan Housing Authority v. Evatt, Tax Commr., 143 Ohio St., 268, 55 N. E. (2d), 122. See, also, Zangerle, Aud., v. City of Cleveland, 145 Ohio St., 347, 61 N. E. (2d), 720.
In view of the constitutional provision referred to, we can hardly conceive that Section 5560, General Code, was designed or intended to apply to a parcel of real property where, as here, the structure thereon is substantially devoted to a purpose or purposes which render it amenable to taxation.
Less than a year ago this court decided the case of *523 Goldman, a Taxpayer, v. L. B. Harrison (Club), 158 Ohio St., 181, 107 N. E. (2d), 530. In the per curiam opinion it was held that Section 5560, General Code, has reference only to “separate entities,” and that where a building is used for both charitable and non-charitable activities, a division for taxation purposes on a percentage basis of the uses to which it is put is not proper or authorized and that “the entire property * * * must be held nonexempt from taxation.”
This declaration was concurred in by Weygandt, C. J., and Zimmerman, Middleton, Matthias and Hart, JJ.
We are unable to reconcile the majority opinion in the instant case with the judgment of this court in the Harrison case.
Under the decision in the Harrison case, and bearing in mind the provisions of Section 2, Article XII of the Constitution, a single building used for both religious and nonreligious purposes does not answer the description of a “separate entity” within the contemplation of Section 5560, General Code.
It seems to us that the majority of this court has departed from the sound position heretofore taken and has adopted a rule which in our judgment will produce considerable chaos in the field of taxation.
Cited in the majority opinion are Cincinnati College v. Yeatman, Aud., 30 Ohio St., 276, and Cleveland Library Assn. v. Pelton, Treas., 36 Ohio St., 253, as supporting the conclusion that a single building devoted to religious and nonreligious uses may be divided so that one part is exempt from taxation and the other part is subject to taxation. The first cited case has nothing to do with tax exemption and is hardly a precedent for the instant case, and the latter was badly battered and virtually overruled in the much later case of Welfare Federation of Cleveland v. Glander, Tax Commr., 146 Ohio St., 146, 64 N. E. (2d), 813.
We would confine the operation of Section 5560, *524 General Code, within constitutional limits and would affirm the decision of the Board of Tax Appeals.
Weygandt, C. J., and Matthias, J., concur in the foregoing dissenting opinion.