SEBRING, HAROLD L., Associate Judge,
This is an interlocutory appeal by the plaintiffs below from an order denying plaintiffs’ motion to strike certain allegations of an answer filed by the City of Eau Gallie, Florida, to the complaint in the cause. The City has filed cross assignments *590 of error questioning the propriety of another portion of the same order which granted the motion of the plaintiffs to strike other allegations from the answer.
According to the allegations of the complaint, the plaintiffs are the owners and occupants of certain single-family dwellings adjacent to, or in the immediate vicinity of, a lot of land in the City of Eau Gallie, Florida, known as Out Lot 15. The defendant, Housing Authority of Brevard County, Florida, a body corporate and politic created under Chapter 421 Florida Statutes, F.S.A., is the owner of Out Lot 15. On or about August 2, 1958, the City of Eau Gallie enacted a comprehensive zoning ordinance under which the property of the plaintiffs and the property of the Housing Authority were zoned for single-family dwelling units only. On December 23, 1958, the Housing Authority applied to the building inspector of the City of Eau Gallie for a building permit to construct multiple-family dwellings on its property. Notwithstanding the provisions of the zoning ordinance limiting construction in the area to single-family dwellings only, the building permit was issued authorizing the construction of 12 multiple-family dwelling units on Out Lot 15 and, subsequently, the Housing Authority commenced construction of the buildings.
Thereafter, on February 7, 1959, while the buildings were still under construction, the plaintiffs petitioned the City Council and the Zoning Board of the City to revoke the building permit issued to the Housing Authority. After consideration, the City denied the petition and the plaintiffs thereupon instituted the present suit, praying in their complaint that the Housing Authority be enjoined from continuing construction of multiple-family dwellings on Out Lot 15; that the City be enjoined from amending the zoning ordinance in any way that would authorize the construction of multiple-family dwellings on the property; that the City be required to revoke the building permit issued to the Housing Authority; and that the Housing Authority be compelled either to demolish the multiple-family dwellings then under construction or convert the same into single-family dwelling units in conformance with the ordinance.
In due course, the City of Eau Gallie filed its answer, in which it admitted that the Housing Authority of Brevard County, Florida, was a body corporate and politic created under Chapter 421 Florida Statutes, F.S.A., and that at the time the building permit was issued the property of the Housing Authority, Out Lot 15, was zoned “R-lc,” under the comprehensive zoning ordinance of the City which, in general, prohibited the erection of multiple-family dwellings on the property in question. The City then averred, among other things, that the zoning ordinance did not preclude the erection by the Housing Authority of multiple-family dwellings on its property, for the reason that the ordinance permitted construction in the area of buildings for Federal, County or municipal purposes, which would include the project' contemplated by the Housing Authority.
The plaintiffs moved to strike these allegations from the answer and when the motion was denied this appeal was taken.
Section 421.13 Florida Statutes, F.S.A., provides, in respect to housing authorities created under Chapter 421, Florida Statutes, F.S.A., that “All housing projects of an authority shall be subject to the planning, zoning, sanitary and building laws, ordinances and regulations applicable to the locality in which the housing project is situated.”
Article IV of the Comprehensive Zoning Ordinance of the City of Eau Gallie, Florida, provides, so far as it relates to the property in question, that “For the purpose of the application, administration and enforcement of this ordinance, the City of Eau Gallie, Florida, is hereby divided into zoning- districts as follows: Section 1. Residential * * *. R-lc single family, low density
*591 Section 1, Article VIII of the ordinance contains certain provisions styled “General Provisions for Residential Districts,” which provide that “Within all residential districts * * * as shown on the Zoning Map of the City of Eau Gallie, Florida, the following regulations shall apply:
“1.1 Uses Permitted:
“1.1.1 Single or multiple family dwellings as permitted in each district.
“1.1.2 Places of worship, parish houses, public libraries, schools offering general education courses, public parks and public recreational facilities, mw~ nicipal, county, state or Federal use, public utilities essentially serving the neighborhood or area in which located, and hospitals for human care, except institutions primarily for mental cases.” [Italics supplied.]
“1.1.3 Accessory buildings or uses customarily incidental to any of the aforementioned permitted uses. * * ”
While it is plain from the foregoing provisions of the City zoning ordinance that, in general, only single-family dwelling units may be constructed and maintained in residential zone “R-lc” of the City of Eau Gallie, an exception exists as to structures that can be fairly said to come within the provisions of sections 1.1.2 and 1.1.3, Article IV of the ordinance, even though they may not be single-family dwelling units. Among such structures are buildings and facilities that are to be built and put to “municipal, county, state or Federal” uses (which, of course, are public uses) and “Accessory buildings or uses customarily incidental to such municipal, county, state or Federal” uses.
The term “public use” is defined in section 1.22, Article IV of the zoning ordinance as “Any use of land or buildings owned and operated by a municipality, county, state or federal government or agency thereof, and for a public service or purpose.” [Italics supplied.]
It is averred in the complaint and- admitted in the answer that the Housing Authority of Brevard County, Florida, is a “public body corporate and politic” created under Chapter 421 Florida Statutes F.S.A. Such public bodies corporate and politic are established to exercise “the public and essential governmental functions set forth” in Chapter 421 Florida Statutes, F.S.A., which are legislatively declared to be “exclusively public uses and purposes for which public money may be spent and private property acquired and are governmental functions of public concern.” Sections 421.04, 421.08 and 421.02 Florida Statutes, F.S.A. Consistently, the property of such public bodies corporate and politic have been declared exempt from state and local taxation, under Section 1, Article IX of the Florida Constitution, F.S.A., on the ground that such property was being held and used for municipal purposes. State ex rel. Harper v. McDavid, 145 Fla. 605, 200 So. 100, 133 A.L.R. 360; State ex rel. Grubstein v. Campbell, 146 Fla. 532, 1 So. 2d 483; Smith v. Housing Authority of City of Daytona Beach, 148 Fla. 195, 3 So.2d 880.
It is clear from the pleadings that the property in the instant case is property that was to be held and used for municipal purposes, within the purview of the Constitution and the Zoning Ordinance of the City of Eau Gallie, Florida. In these circumstances, the building permit to the Housing Authority of Brevard County, Florida, was not illegally issued. Hence, the trial court did not commit reversible error in refusing to strike this portion of the answer.
There were other defenses asserted that should have been stricken on motion of the plaintiffs; but since the portions of the answer we have dealt with present a complete defense to the complaint, we do not deem it profitable to discuss them.
From the conclusions reached, it follows that the interlocutory decree appealed from should be affirmed in part and reversed in *592 part as to the immaterial defenses, with directions that further proceedings be had in accordance with this opinion and judgment.
It is so ordered.
ALLEN, C. J., and KANNER, J., concur.