### HOLBEIN, et al v. DADE COUNTY, et al.
No. 64-C-13879.

Circuit Court, Dade County.
May 11, 1965.

Frank M. Scruby, Orange Park, for plaintiff.

D. Byron King, Jacksonville, for intervening plaintiffs.

Thomas C. Britton, County Attorney, Stuart Simon, Assistant County Attorney, for defendants.

HAROLD B. SPAET, Circuit Judge.

This matter was submitted to the court on the complaint of the plaintiffs, and the motion of the defendants to dismiss the complaint. The motion to dismiss is granted.

At the outset the court wants to thank counsel for both sides for their exhaustive research and their excellent memoranda which were worthy of filing in highest appellate courts.

The complaint seeks a judicial declaration as to the validity and legality of a tax levy by the county of Dade on certain property on which the plaintiffs had granted a "Temporary Spoil Disposal Easement" to the United States of America. The determination of the validity and legality *vel non* of the tax levy depends upon the validity of chapter 15751, Laws of Florida, 1931, which reads as follows —

Section 1. That *all taxes,* and tax sale certificates and/or tax deeds issued to and/or owned or held by the State of Florida or any of the following named counties, therein, to-wit: Duval, St. Johns, Flagler, Volusia, Brevard, Indian River, St. Lucie, Martin, Palm Beach, Broward and Dade, for unpaid taxes assessed or to be assessed on *real estate therein which is or may be used* by the United States of America in connection with the work of constructing, maintaining and operating an Intracoastal Waterway from Jacksonville, Florida, to Miami, Florida, under and pursuant to the provisions of House Document No. 586, Sixty-ninth Congress, second session, *and any other lawful authority relating thereto,* be and the same are hereby *cancelled and/or released* and shall have no effect upon the titles of such real estate or property, but such titles shall stand as though such

taxes had never been levied or assessed thereon; provided, however, that the cancellation and/or release of taxes as hereinabove provided shall take effect only when, as and if *title* or *easement* for canal purposes upon or to said real estate shall pass to and become vested in the United States of America.

Section 2. That *all taxes,* and tax sale certificates, and/or tax deeds issued to and/or owned or held by any municipality, taxing district or other public corporation within the counties within the said Florida Inland Navigation District, to-wit: Duval, St. Johns, Flagler, Volusia, Brevard, Indian River, St. Lucie, Martin, Palm Beach, Broward and Dade for unpaid taxes assessed or to be assessed on real estate in such municipality taxing district or other public corporation, *used on to be used* by the United States of America in connection with the work of constructing, maintaining and/or operating an intracoastal waterway from Jacksonville, Florida, to Miami, Florida, under and pursuant to the provisions of House Document No. 586, Sixty-ninth Congress, second session, *and all other lawful authority relating thereto,* be and the same are hereby *cancelled and/or released* and shall have no effect upon the titles of such real estate or property, but such titles shall stand as though such taxes had never been levied or assessed thereon; provided, however, that the cancellation and/or release of taxes as hereinabove provided shall take effect only when, as and *if title on easement* for canal purposes upon or to said real estate shall pass to and become vested in the United States of America.

Section 3. If any section, subsection, sentence, clause, or phrase of this Act is for any reason held to be unconstitutional, such holding shall not affect the validity of the remaining portions of the Act, the Legislature hereby declaring that it would have passed this Act and each sentence, section, subsection, clause and phrase thereof, irrespective of any other separate section, subsection, clause and phrase thereof, irrespective of any other separate section, subsection, sentence, clause of phrase thereof, and irrespective of the fact that any one or more other sections, subsections, sentences, clauses or phrases thereof may be declared unconstitutional.

Section 4. This Act shall take effect upon its passage and becoming a law. *(Italics added.)*

The authority of the legislature to enact chapter 15751, Laws of Florida, 1931, must be found, if at all, in section 1 of article 9 of the constitution of the state of Florida. That section reads as follows —

*Section I. Uniform and equal rate of taxation; special rates.* — The Legislature shall provide for a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property, but such special rate or rates shall not exceed two mills on the dollar of the assessed valuation of such intangible property; provided, that as to any obligations secured by mortgage, deed of trust, or other lien, the Legislature may prescribe an intangible tax of not more than two (2) mills on the dollar, which shall be payable at the time such mortgage, deed of trust, or other lien is presented for recordation, said tax to be in lieu of all other intangible assessments on such obligations. The special rate or rates, or the taxes collected therefrom, may be apportioned by the Legislature, and

shall be exclusive of all other State, County, District and municipal taxes; and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes. (As amended general election 1924; general election 1944.)

The plaintiffs contend that the use of the words "municipal purpose" in the constitution can be extended to include the activities of the Florida Inland Navigation District. Very, very, many authorities are cited in the plaintiffs' memoranda where the courts have used the words "municipal purposes" and "public purposes" interchangeably. However, in all these cases, in Florida, the principle involved was the exercise by a municipality of a right or privilege. Counsel on both sides are frank to admit that the principle involved in this case has never been directly decided by any appellate court in this state.

The declaration of the invalidity of a legislative act is something a judge should shrink from in any case where he can conscientiously, and with due regard to his oath, decline the responsibility. However, where it appears, as it does to me, that the legislature has exceeded the powers granted it by the constitution I feel a declaration of invalidity is inescapable, as Professor Cooley says in his *Constitutional Limitations* (1927), volume 1, page 334, quoting an appellate court —

"In exercising this high authority, the judges claim no judicial supremacy, they are only the administrators of the public will. If an act of the legislature is held void, it is not because the judges have any control over the legislative power, but because the act is forbidden by the constitution, and because the will of the people, which is therein declared, is paramount to that of their representatives expressed in any law."

The will of the people expressed in section 1 of article 9 of the constitution limited tax exemption to the purposes therein expressed. At the time of the adoption of the constitution "municipal purposes" had a well recognized meaning separate and apart from "public purposes".

I am cognizant that the limits of municipal purposes are not rigid and inflexible. In State of Florida ex rel. C. M. Harper v. W. J. McDavid, 145 Fla. 605, 200 So. 100, 133 A.L.R. 360 (1941), our Supreme Court said —

"What constituted a municipal purpose is a legislative question that should not be interfered with by the courts in the ab-

sence of a clear abuse of discretion. A municipal purpose is much broader in its scope than it was a generation ago."

However, it is significant that in that case appellant's counsel in his brief contended that—"The term 'public purpose' is synonymous and interchangeable with 'municipal purpose' ". The court in its opinion did not adopt appellant's contention that "public purpose" was synonymous with "municipal purpose", but instead said that the interpretation of municipal purposes should be broadened to include property owned by the Housing Authority of the City of Pensacola. The general rule, found in Daytona Beach Racing and Recreational Facilities Dist. v. Paul, App., 157 So. 2d 156, p. 161, follows —

"The legislature cannot vary the tax exemption provisions of article IX, section 1 and article XVI, section 16 of the state constitution. State ex rel. Burbridge v. St. John, 143 Fla. 544, 197 So. 131 (1940). The legislature is without power to provide for exempting from taxation any class of property which the constitution itself makes no provision for exempting. The constitution must be construed as a limitation upon the power of the legislature to provide for the exemption from taxation of any classes of property except those particularly mentioned classes specified in the organic law itself. Maxcy, Inc. v. Federal Land Bank of Columbia, 111 Fla. 116, 150 So. 248 (1933)"

If it be argued that in adhering to the strict language of the constitution we are in effect providing for taxation by a county on a state agency the answer may be that the effect of such action may more equitably distribute the costs of the improvement for public purposes. In ordaining the constitution, the people of this state may have felt that except for the specific purposes set forth in section 1 of article 9 of the constitution, exemption might lead to more inequalities than taxation, and the rateable distribution of the burden. An acre of land taken off the tax rolls in Flagler County might be in the ratio of *one* is to *ten* as to an acre in Broward County. Therefore, for a general public purpose, and a good one, Broward County might be paying *ten* to *one* to Flagler County. The value to the community and the state at large, and the laudable purpose of the Florida Inland Navigation District are in no way depreciated or undervalued by this opinion. It is just that the court believes that by the organic law the people of the state of Florida have not provided an exemption for a purpose, fine and effective as it is, such as this.

Counsel will please submit an order in accordance with this opinion.