MONACO, C.J.
 

 The appellant, Seminole County School Board, brought this nonfinal appeal from an order of the trial court granting a temporary injunction in favor of the appellee, James Patrick Downey, Jr., as next friend of his son, enjoining the.School Board from prohibiting the appellee’s son from participating in interscholastic wrestling activities. We review this case pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Upon receiving the initial documents filed with this court, we granted a stay of the -injunction, and ordered an expedited briefing schedule in order to preserve the rights of the parties to the extent possible. We have concluded that the temporary injunction should not have been entered by the trial court and, accordingly, reverse.
 

 We derive the facts of this case from Mr. Downey’s First Amended Complaint For Injunctive Relief (including attachments) filed in the lower tribunal, despite the fact that the complaint is not verified and that the affidavit in support of the complaint only addresses a few of the facts alleged. In December of 2010, Oviedo High School filed a Request for Eligibility ruling with the, appellee, Florida High School Athletic Association (“FHSAA”) on behalf of the minor appellee.
 
 [1]
 
 The request indicated that the minor would be enrolling at Oviedo High School in January of 2011, as a transfer from a high school in Maryland. Apparently the request was necessitated because of a question concerning the minor’s eligibility to compete in wrestling at Oviedo High. The minor had been declared ineligible to participate by his high school in Maryland, but had not been declared ineligible by the Maryland High School Athletic Association, the body in Maryland that is equivalent to the FHSAA. The reason for the minor’s ineligibility at the Maryland high school is not revealed in the pleadings, briefs or other documents presented to us.
 

 On January 7, 2011, the FHSAA determined that the minor was ineligible to compete interscholastically based on Bylaws 9.3.2 and 9.3.4 of the FHSAA.
 
 [2]
 
 The appellees appealed to the FHSAA emergency appeal committee. On January 20, 2011, however, the appeal committee af
 
 *1159
 
 firmed the original noneligibility ruling. A further appeal to the FHSAA Board of Directors was available on January 23rd, but that would have occurred one day after the next wrestling competition. The .ap-pellees alleged that unless the minor was allowed to compete in the January 22nd competition, he would not be able to qualify for state competition, “thus affecting his ability to receive scholarships from colleges and universities.” At this point the judicial branch became involved.
 

 Mr. Downey sought a temporary injunction against the Seminole County Public Schools and the FHSAA “allowing [the minor’s] participation in interscholastic wrestling activities at Oviedo High School.” Mr. Downey was able to secure hearing time before the circuit court at 9:00 a.m., on January 21, 2011. The only notices of that hearing given to the School Board and the FHSAA were faxed to the Superintendent of the Seminole County Schools and the resident agent for - the FHSAA. The faxed notices of hearing had printed on them a date and time stamp of January 20th at 6:02 p.m. Mr. Downey now advises us that the notice was actually served an hour earlier, but that the fax machine used to transmit the documents had not been adjusted from Daylight Savings Time. The record reflects no other attempts to give notice to the appellants, although Mr. Downey’s brief said the attorneys representing him called shortly before 5:00 to say that a pleading and notice were going to be faxed. While the written record neither confirms nor rejects that assertion, the certificate of service indicates that only the after-hours fax was used for notification purposes. Not surprisingly, the injunction hearing went lin-contested, and the lower tribunal entered a barebones injunction order -containing no findings, and simply requiring a $500 cash bond to be posted.
 

 Thereafter, the School Board filed an Emergency Petition For Writ of Prohibition (treated by this court as a notice of non-final appeal), and requested a stay of the injunction. We issued the stay and ordered expedited briefing after being informed that although the minor did not wrestle in the January 22nd meet, the District wrestling competition was upcoming and that this competition is one “which a wrestler has to compete in [sic] order to qualify for the State Wrestling Championship...”
 
 [3]
 
 ■
 

 We reverse for many reasons. First, it is clear that the notice of the injunction hearing given by Mr. Downey was inadequate. While rule 1.610(a)(1)(A), Florida Rules of Civil Procedure, allows for the entry of a temporary injunction without oral or written notice, that process may only be utilized if the facts shown in an affidavit or verified pleading reflect that immediate' and irreparable injury, loss or damage would result before the adverse party could be heard in opposition. That clearly was not the case here. The affidavit indicates only that the minor lives in Oviedo with his father, and that the two of them did not live with the senior Downey’s parents. It also relates that the minor was not ruled ineligible by the Maryland Public Secondary School Athletic Association or by the Anne Arundel County Public Schools. No mention of the fact that the minor was ruled ineligible by his Maryland high school is made. The appellee elected to fax a notice after business hours. Rule 1.080, Florida Rules of Civil Procedure, specifies that facsimile service occurs when the transmission is complete and that ser
 
 *1160
 
 vice completed after 5:00 p.m. “shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.” On that basis alone, reversal would be appropriate, even if we credit the extra hour claimed because of the failure to adjust the fax machine for the change in time.
 

 Next, we examine the injunction process and the order that was issued. Rule 1.610(a)(2) provides that no evidence other than an affidavit or verified pleading may be considered unless the adverse party either appears at the hearing or has been given adequate notice and fails to appear. As indicated above, notice here was inadequate and the pleading was not verified, so we must look to the affidavit for support of the injunction. The affidavit is as inadequate as the notice. While the complaint for injunctive relief is rich in detail, the affidavit is sparse. It says only that Mr. Downey is over 18; that he is the natural father of his minor son; that he did not and does not reside with his parents in Maryland; and that his son has never .been ruled ineligible by the Maryland equivalent of the FHSAA or by the Anne Arundel County Public Schools. No injunction should have been issued based on this pleading and affidavit.
 

 Similarly, the order simply grants the temporary injunction and sets a bond, even though Rule 1.610(a)(2) says:
 

 Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk’s office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given.
 

 (Emphasis added). Because the notice given by Mr. Downey was essentially no notice at all, the findings and reasons were required to be articulated in the order.
 
 See Somerville v. Reusser,
 
 649 So.2d 339, 342 (Fla. 5th DCA 1995). As they were not, the order was erroneous.
 

 Moreover, Rule 1.610(d) requires, among other things, that every injunction specify the reasons for entry, and describe the acts being restrained (without reference to another pleading or document). Here, the order meets neither of those requirements. The unelaborated order only says (after the unchecked blocks are ignored):
 

 THIS MATTER having come before the Court on Plaintiffs Motion for Injunc-tive Relief and the Court, having reviewed the matter and being fully advised in the premises, does hereby,
 

 ORDER, ADJUDGE and DECREE as follows:
 

 Injunction GRANTED, with the following stipulations:
 

 Injunction is valid after Plaintiff posts a $500.00 cash bond with the clerk of the Circuit Court.
 

 There is no effort to describe the acts being restrained, or to specify the reasons for entry of the temporary injunction. The order, accordingly, does not meet the minimum requirements of the rule.
 
 See Mitts, Boyle & Assoc. Inc. v. Boyle Accounting Services, Inc.,
 
 703 So.2d 1218 (Fla. 5th DCA 1998);
 
 City of Jacksonville v. Naegele Advertising Co.,
 
 634 So.2d 750 (Fla. 1st DCA 1994),
 
 approved by
 
 659 So.2d 1046 (Fla.1995).
 

 Finally, an injunction may only issue if certain substantive requirements are met. In order to be entitled to a temporary injunction one must demonstrate, among other things, that the party seeking relief will suffer irreparable injury if the injunction is not issued.
 
 See Smith v. Housing Authority of City of Daytona Beach,
 
 148 Fla. 195, 3 So.2d 880 (1941);
 
 *1161
 

 Naegele Outdoor Advertising Co.,
 
 634 So.2d at 754;
 
 Cordis Corp. v. Prooslin,
 
 482 So.2d 486, 489-90 (Fla. 3d DCA 1986). This court has previously held that “the possibility of a scholarship is not a protect-able property interest.”
 
 See Fla. High School Athletic Assn. v. Melbourne Central Catholic High School,
 
 867 So.2d 1281, 1288 (Fla. 5th DCA 2004). We held further that “a student’s interest in participating in interscholastic sports is a mere expectation, and not a constitutionally protected property right.”
 
 Id.
 
 at 1289. We reverse, as well, because of the failure of Mr. Downey to demonstrate irreparability.
 

 Accordingly, we reverse the order of the trial court granting the temporary injunction and remand for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 GRIFFIN and EVANDER, JJ., concur.
 

 [1]
 

 . Although the FHSAA obviously sides with the School Board, it is technically an appellee under rule 9.020(g)(2), Fla.R.App.P.
 

 [2]
 

 . 9.3.2 Transfer Student Not Eligible Until The Following School Year. A student who transfers from one school to anothér will not be eligible at the new school until the beginning of the next school year, unless the student qualifies under one of the following four exceptions: (exceptions omitted).
 

 9.3.4 Ineligible Student Cannot Transfer To Become eligible. A transfer student who is ineligible for any reason at the time of the transfer will not be eligible in the new school until the student has been in attendance for one full semester. Attending a new school at the beginning of the school year does not decrease or eliminate the period of ineligibility.
 

 [3]
 

 . While mootness has been raised, we need not address this issue because of the disposition we make of this case.