629 So.2d 845 (1994)
Jim FORD, etc., Petitioner,
v.
ORLANDO UTILITIES COMMISSION, etc., et al., Respondents.
No. 81440.
Supreme Court of Florida.
January 6, 1994.
*846 Frank J. Griffith, Jr. of Cianfrongna, Telfer, Reda & Feherty, P.A., Titusville, Joe Teague Caruso, Merritt Island, and Larry E. Levy, Tallahassee, for petitioners.
Thomas B. Tart, Orlando Utilities Com'n, Steven R. Bechtel of Mateer, Harbert & Bates, P.A., and Leon H. Handley and Robert S. Green of Gurney & Handley, P.A., Orlando, for respondents.
Kraig A. Conn, Asst. Gen. Counsel, Florida League of Cities, Inc., and Frederick M. Bryant and William J. Peebles of Moore, Williams, Bryant, Peebles & Gautier, P.A., Tallahassee, amici curiae for Florida League of Cities, Inc., Florida Mun. Elec. Ass'n, Florida Mun. Power Agency, City of Alachua, City of Bushnell, Gainesville Regional Utilities, Kissimmee Utility Authority, Utilities Com'n of the City of New Smyrna Beach, and City of Ocala.
OVERTON, Justice.
We have for review Northcutt v. Orlando Utilities Commission, 614 So.2d 612 (Fla. 5th DCA 1993), in which the district court held that property owned by the Orlando Utilities Commission in Brevard County is entitled to the constitutional tax exemption for municipal property as provided under article VII, section 3(a), Florida Constitution. The district court certified the following as a question of great public importance:
WHERE A MUNICIPALITY, PURSUANT TO STATUTORY AUTHORITY, LOCATES ON ITS PROPERTY IN ANOTHER COUNTY AN ELECTRICAL GENERATING PLANT WHICH SUPPLIES MOST OF ITS ELECTRICITY TO SUCH MUNICIPALITY'S RESIDENTS AND THE REMAINDER TO PRIVATE UTILITY COMPANIES, BUT DOES NOT SUPPLY ANY ELECTRICAL POWER TO THE RESIDENTS OF SUCH COUNTY, IS SUCH MUNICIPALLY OWNED PROPERTY EXEMPT FROM AD VALOREM TAXATION?
We have jurisdiction.[1] For the reasons expressed, we answer the certified question in the affirmative and approve in its entirety the opinion of the district court.
The following facts are uncontroverted. The Orlando Utilities Commission was created by special legislation to be a part of the government of the City of Orlando. This special legislation specifically authorizes the Commission to operate electric generating plants, transmission lines, and facilities incident thereto within the boundaries of Orange County and neighboring Brevard County. The Commission constructed its Indian River plant on land in Brevard County and erected transmission lines leading from the plant back to Orange County and the City of Orlando. Most of the electricity generated by the plant is directed to Orange County; however, pursuant to state and federal law concerning the coordination of electric utilities, some of the electricity generated by the Indian River Plant is sold via the interconnecting power grid system to Florida Power and Light, a privately owned investor utility. None of the electricity generated by the Indian River Plant is supplied directly to consumers in Brevard County.
Jim Ford, Brevard County Property Appraiser, placed the Commission's property on the tax roll for 1989 and attempted to back assess the property for the previous three years. The Commission filed suit to enjoin Ford from denying the Commission's tax exempt status and to void the attempted back assessment. The outcome of the matter turned on the proper construction of article VII, section 3(a), Florida Constitution, which reads, in pertinent part, as follows:
(a) All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation. A municipality, owning property outside the municipality, may be required by general law to make payment to the taxing unit in which the property is located.
At trial and on appeal to the district court, Ford argued that the Commission's property in Brevard County is not entitled to the constitutional municipal ad valorem tax exemption because the property does not provide a municipal or public benefit to the residents of Brevard County. Ford asserted that the plant is not used exclusively for a *847 municipal purpose because a portion of the electricity generated by the plant is sold to private utilities and, therefore, that the Commission's property is not entitled to the constitutional exemption. Finally, Ford claimed that the exemption unfairly reduces the tax burden on the Commission's customers at the expense of the taxpayers in Brevard County.
In support of Ford's primary contention, he asserted that the Indian River Plant does not serve a municipal purpose because it furnishes no benefit to the residents of Brevard County, and he argued that the language found in article VIII, section 2, of the Florida Constitution does not allow the exemption. This section provides that the "exercise of extra-territorial powers by municipalities shall be as provided by general or special law." According to Ford, because the Orlando Utilities Commission charter specifically prohibits the Commission from providing any electricity to residents of Brevard County, the Commission is without extra-territorial power in Brevard County. Ford concluded that, because the Commission has no power in Brevard County, the property owned by the Commission has lost its municipal character and should be treated the same as property owned by a private entity.
The district court rejected these arguments and noted that the Commission is not without extra-territorial power because the legislature enacted a statute specifically authorizing the Commission to acquire and operate its plant in both Orange and Brevard Counties. The district court also found that the plant is used exclusively for the production of electricity and that this production constitutes a municipal purpose. The district court recognized, however, the possible inequity of the situation but emphasized that Brevard County's remedy "lies with the legislature as provided for in the constitution." 614 So.2d at 619.
We find that the language in article VII, section 3(a), is clear and unambiguous and fully approve the decision reached by the district court. Article VII, section 3(a), contains no limitation on the location of the municipal property  only a limitation on the property's use. Because the Orlando Utility Commission property is used for a valid municipal purpose, we find that the constitutional exemption applies. Furthermore, the legislature has not exercised the discretionary authority granted to it by article VII, section 3 to enact a general law that requires the Orlando Utilities Commission to make a payment to Brevard County.
Accordingly, we answer the certified question in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.