775 So.2d 978 (2000)
GREATER ORLANDO AVIATION AUTHORITY, et al., Appellants,
v.
Richard CROTTY, etc., Appellees.
No. 5D99-1415.
District Court of Appeal of Florida, Fifth District.
November 17, 2000.
Rehearing Denied January 24, 2001.
*979 John R. Hamilton, Jon M. Wilson & Ronald M. Schirtzer of Foley & Lardner, P.A., Orlando, for Appellants.
Thomas B. Drage, Jr. & Kenneth P. Hazouri of Drage, deBeaubien, Knight, Simmons, Mantazaris & Neal, P.A., Orlando, for Appellees.
THOMPSON, C.J.
The City of Orlando and the Greater Orlando Airport Authority ("GOAA") appeal a final judgment in favor of Richard Crotty as Property Appraiser for Orange County in which the court ruled that real and personal property used in the operation of a hotel on airport property was subject to ad valorem taxation. We affirm.
The GOAA is a special district created by chapter 1658 Special Acts 1957. Under an Operation and Use Agreement with Orlando, GOAA occupies, uses, controls, and operates the airport, built on land owned by the city, and will do so until September 2026. The act provides that the GOAA is an agency of the city, and that its exercise of the powers conferred by the act constitutes the performance of essential municipal functions. The act specifically authorizes the construction of a hotel. The construction of the airport and improvements was financed with tax free bonds, except that the hotel was financed with taxable bonds. The GOAA receives income from rents and fees it charges certain airlines, called the "Signatory Airlines," which have Lease and Use Agreements with GOAA. Under the agreements, the airlines are obliged to pay the principal and interest due on bonds, as well as the airport's operating expenses. The amount paid by the airlines is adjusted based on income received by GOAA from other sources including the hotel, restaurants and shops, and car rental concessions. The rent paid by the airlines increases or decreases in proportion to the income received from these other sources.
The airlines, which have the right to approve large capital investments at the airport, had suggested that GOAA lease the shell of the hotel to a third party, leaving the third party to assume the risk of loss, but GOAA took the position that leasing the property would reduce the profits. Feasibility and marketing studies showed that locating the hotel on airport property would provide a competitive advantage over the fourteen other hotels located within a 2½ mile radius of the airport hotel. The agreement between the airlines and GOAA was that two-thirds of the hotel profits would be deposited into a discretionary fund, and one-third would be used as a set-off of the airlines' rents and charges. The Hyatt Corporation manages *980 the hotel, called the Hyatt Regency Orlando International Airport, under an agreement with GOAA.
Article VII section 4 of the Florida Constitution provides in part:
By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation....
Two categories of government property, however, are not subject to taxation. First, there is government property that is immune to taxation, and, second, there is government property that is exempt from taxation. "Exemption" presupposes the existence of a power to tax, while "immunity" implies the absence of it. Hillsborough County Aviation Authority v. Walden, 210 So.2d 193 (Fla.1968). The state and its subdivisionscounties, entities providing a public system of education, and agencies, departments, or branches of state government that perform administration of state governmentare immune to taxation. See Canaveral Port Authority v. Department of Revenue, 690 So.2d 1226 (Fla.1996). The immunity to taxation of state owned lands is not dependent upon statutory or constitutional provisions but rests upon broad grounds of fundamentals in government. See State ex rel. Charlotte County v. Alford, 107 So.2d 27, 29 (Fla. 1958). An analogous proposition is the state's immunity to suit. Id. at n. 9.
Municipalities are not subdivisions of the state and are therefore not immune to taxation. Orlando Utilities Commission v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969), cert. denied, 237 So.2d 539 (Fla.1970). However, the Constitution makes land owned by a municipality exempt from ad valorem taxation under certain circumstances. Article VII, section 3(a) of the Florida Constitution provides in part:
All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation.
Although this provision is codified in chapter 196, it is self-executing. See City of Sarasota v. Mikos, 374 So.2d 458 (Fla. 1979).[1]
The trial court ruled that the property was not exempt because GOAA was using it for private, profit-making purposes. The trial court pointed to evidence that the negotiations between GOAA and the airlines focused almost exclusively on the revenue-generating aspects of the hotel. The court emphasized that GOAA preferred to finance and construct the hotel itself, as opposed to executing a lease with a hotel operator, because the former option would be more profitable over time. Further, the agreement with Hyatt requires Hyatt to maximize profits rather than to provide public benefits. The court stated that GOAA, the airlines, and Hyatt were benefitting financially from the hotel, that the hotel competed with other hotels in the vicinity, and that in general, hotels are by their nature commercial enterprises.
We agree with the trial court's conclusion. As noted earlier, the constitution exempts from taxation property owned by a municipality and used exclusively by it for municipal or public purposes. The term "municipal purpose" has been defined as encompassing all activities essential to the health, morals, protection and welfare of the municipality. State v. City of Jacksonville, 50 So.2d 532, 535 (Fla.1951). "Municipal functions" are those created or *981 granted for the special benefit and advantage of the urban community embraced within the corporate boundaries. Chardkoff Junk Company v. City of Tampa, 102 Fla. 501, 135 So. 457 (1931). See also State ex rel. Harper v. McDavid, 145 Fla. 605, 200 So. 100 (1941); City of Winter Park, 448 So.2d at 1244. Our courts have ruled that municipal functions include functions which specifically and peculiarly promote the comfort, convenience, safety and happiness of the citizens of the municipality rather than the welfare of the general public. Id.
The court explained with reference to a marina in Page v. Fernandina Beach, 714 So.2d 1070 (Fla. 1st DCA), rev. denied, 728 So.2d 201 (Fla.1998):
Municipal operation of a marina is a legitimate municipal corporate undertaking for the comfort, convenience, safety, and happiness of the municipality's citizens. Indeed, the uncontradicted expert testimony was that operation of this marina constituted a proper municipal or public function. When a city operates a marina it owns, marina property it has not leased to a nongovernmental entity is exempt from ad valorem taxation.... But operating a marina partakes of no aspect of sovereignty and does not warrant an exemption for a marina leased to a nongovernmental operator seeking profits.
Id. at 1076-77.
The question here is whether the hotel property provides for the comfort, convenience, safety, and happiness of the citizens of Orlando. We agree with the trial court's conclusion that it does not.[2] The purpose of the hotel is not to serve the citizens of Orlando, but to serve persons who reside elsewhere and therefore require public accommodations. It is not like a park or a marina constructed for the enjoyment of the citizenry as in Page. Nor is it like the property in State ex rel. Grubstein v. Cambell, 146 Fla. 532, 1 So.2d 483 (1941), which was exempt because it was used exclusively for low rent housing and slum clearance. Rather, the hotel's purpose was to make a profit and not to provide for the citizens of Orlando. The city might just as well have opened a pizzeria.[3]
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] A third category of property can be exempt regardless of the owner. Article VII section 3(a) of the Florida Constitution provides in part:

Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation. Other permissible exemptions involve community and economic development, renewable energy source devices, and historic preservation. The provisions in this category are not self-executing because they require effectuation through the enactment of legislation or ordinances.
[2] In view of this result, we need not decide whether, as contended by the property appraiser, the management agreement between the Hyatt Corporation and GOAA is actually a lease and that therefore the property would be exempt from taxation only if it was used for a "governmental-governmental" function. Cf. Page.
[3] In the final judgment the court ruled that GOAA owed taxes and that payment should be made forthwith. We agree with that determination.