Dear Ms. Stacy:
On behalf of the City of Palm Coast, you ask the following question:
Is a municipality required to pay ad valorem tax on newly acquired nonexempt real property for the remainder of the first year of municipal ownership when the seller has paid the prorated tax for the portion of the year the seller owned the property?
You indicate that the property procured by the city is being used for a municipal purpose.[1] Municipalities are not subdivisions of the state for purposes of taxation and, therefore, are not immune from taxation.[2] The Florida Constitution, however, makes land owned by a municipality exempt from ad valorem taxation under certain circumstances. Section 3(a), Article VII, of the State Constitution, provides in part that "[a]ll property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation." Section 196.199(1)(c), Florida Statutes, implements this constitutional provision:
"All property of the several political subdivisions and municipalities of this state or of entities created by general or special law and composed entirely of governmental agencies, or property conveyed to a nonprofit corporation which would revert to the governmental agency, which is used for governmental, municipal, or public purposes shall be exempt from ad valorem taxation, except as otherwise provided by law."
Thus, property owned by municipalities and used for governmental, municipal, or public purposes is exempt from ad valorem taxation. In this instance, however, the subject property has been assessed for ad valorem tax purposes for the tax year pursuant to section 192.042, Florida Statutes.[3] Section196.295, Florida Statutes, addresses the payment of ad valorem taxes on property transferred to a governmental unit as follows:
"(1) In the event fee title to property is acquired between January 1 and November 1 of any year by a governmental unit exempt under this chapter by any means except condemnation or is acquired by any means except condemnation for use exclusively for federal, state, county, or municipal purposes, the taxpayer shall be required to place in escrow with the county tax collector an amount equal to the current taxes prorated to the date of transfer of title, based upon the current assessment and millage rates on the land involved. This fund shall be used to pay any ad valorem taxes due, and the remainder of taxes which would otherwise have been due for that current year shall stand canceled.
(2) In the event fee title to property is acquired by a governmental unit exempt under this chapter by any means except condemnation or is acquired by any means except condemnation for use exclusively for federal, state, county, or municipal purposes, the taxpayer is required to pay all taxes due from prior years."
Generally an individual or entity entitled by law to an exemption from taxation as a result of ownership or use must file an application for the exemption on or before March 1 of each year with the county property appraiser.[4] Such application, however, is not required "on property owned and used exclusively by a municipality for municipal or public purposes in order for such property to be released from all ad valorem taxation."[5]
The phrase "municipal or public purpose," as it is used in section 3(a), Article VII, Florida Constitution, has been interpreted to encompass all activities essential to the health, morals, protection and welfare of the municipality.[6]
Further, it has been determined that the constitution places no geographical limits on where the municipal purpose may occur.[7]
Accordingly, it is my opinion that a municipality is not required to pay ad valorem tax on newly acquired nonexempt real property for the remainder of the first year of municipal ownership when the seller has paid the prorated tax for the portion of the year the seller owned the property and the property is used for a municipal purpose.
Sincerely,
Charlie Crist, Attorney General
CC/tals
[1] This office offers no comment as to whether the specific use to which the property has been put fulfills a municipal purpose.
[2] See Greater Orlando Aviation Authority v. Crotty,775 So. 2d 978 (Fla. 5th DCA 2000), citing Orlando Utilities Commissionv. Milligan, 229 So. 2d 262 (Fla. 4th DCA 1969), cert. denied,237 So. 2d 539 (Fla. 1970).
[3] Section 192.042(1), Fla. Stat., states: "All property shall be assessed according to its just value as follows: (1) Real property, on January 1 of each year. . . ."
[4] Section 196.011(1)(a), Fla. Stat.
[5] Section 196.011(2), Fla. Stat.
[6] Fla. Dep't. of Revenue v. City of Gainesville,918 So. 2d 250, 264 (Fla. 2005); State v. City of Jacksonville,50 So. 2d 532, 535 (Fla. 1951).
[7] Ford v. Orlando Utilities Commission, 629 So. 2d 845,846-847 (Fla. 1994) (property located outside Orlando but owned and used by the city for an electrical power plant was used for a valid municipal purpose; under the "clear and unambiguous language" of article VII, section 3(a), property was exempt from taxation). Accord Schultz v. Crystal River Three Participants,686 So. 2d 1391, 1392-93 (Fla. 5th DCA 1997) (in absence of general law requiring payments to tax unit in which plant was located, cities' interest in nuclear power plant was tax exempt under article VII, section 3(a) and section 196.199(2)(c), Florida Statutes).